STOLLER v. REICHGOTT et al.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

BILLS AND NOTES ⊚⟶340—ACTIONS—BONA FIDE PURCHASER.

    The vice president of a corporation, who received a note to discount, indorsed it over to plaintiff in part payment of his personal indebtedness. The note was duly indorsed to the vice president, and he remarked to plaintiff that he received it from a customer. Plaintiff did not know of the vice president's connection with the corporation. *Held*, that there was nothing to put plaintiff on inquiry as to the purpose for which the vice president held the note, and so plaintiff, who received the note in good faith, was a holder in due course, within Negotiable Instruments Law (Consol. Laws, c. 38) § 91, and entitled to recover.

    [Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 825–828, 842–848; Dec. Dig. ⊚⟶340.]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Victor Stoller against Sol Reichgott and others. From a judgment for defendants and against plaintiff, he appeals. Reversed and remanded.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Morris Durst, of New York City, for appellant.

Louis J. Jacoves, of New York City, for respondents.

PHILBIN, J. The plaintiff sues as the holder of a certain promissory note bearing date November 28, 1914, for the sum of $60, made by the defendant Reichgott to the defendant D. Wolkoff Company, Incorporated, a domestic corporation, and indorsed by the president of said corporation to defendant Grossman. The said Grossman before maturity indorsed the said note over to the plaintiff in part payment of a certain indebtedness due to the latter from him personally. It appears that at all the times mentioned Grossman was the vice president and treasurer of the said corporation, and it was claimed by the defendants that the said note was so indorsed to him solely for the purpose of having the same discounted. It was further claimed that the plaintiff, when he took said note, knew of the relations of said Grossman to the corporation, and that he therefore was charged with knowledge that Grossman was not the owner of said note personally and had no right to use the same for a purpose not connected with the corporation, and that the plaintiff was for these reasons not a holder for value and in good faith, and was not entitled to recover.

The evidence wholly fails to sustain the contention so made by the defendants. There is nothing in the record from which an inference could be drawn that the plaintiff at any time knew either that Grossman was an officer of said corporation or that the note had been delivered to Grossman for the purpose of being discounted. The plaintiff testified that he had known said Grossman for a number of years and had had transactions with him during that period. He did testify that Grossman told him when he delivered the note that it was a note made by a customer, but there was nothing to indicate that he meant, in so stating, a customer of said corporation, particularly as it does not appear that the plaintiff knew that Grossman had any connection, either as an officer, as above stated, or otherwise, with the corporation. There was nothing in the transaction calculated to give notice to the plaintiff of any alleged infirmity or defect in the said instrument, or to put him on inquiry, so far as the evidence shows. The plaintiff was a holder in due course (section 91, Negotiable Instruments Law), and was entitled to recover.

Judgment reversed, and new trial ordered, with $30 costs to the appellant to abide the event. All concur.